## EDWARDS *vs.* SCHAFFER and BUDENBURGH.

If a general agent has received particular instructions, which he disregards, his acts as agent are nevertheless, binding upon his principal. *As between* the principal and a general agent, any deviation from particular instructions will render the latter accountable to the former, for any loss he may sustain in consequence of such deviation; but, as to third parties, who may have dealt with the agent, any limitation of the authority, not communicated to them, can have no effect.

P., who purchased of the plaintiff certain goods for the defendants, was employed by the latter to transact their businsss in that branch of their commercial house situated in the city of New York. They had a manufacturing establishment in Prussia; they transmitted a portion of the goods there manufactured to New York, which were sold there by P., who was in the habit of purchasing goods for them there, to be used in their manufactory in Prussia. P. published notices, and wrote letters in the defendants' name; wrote orders in their name and style; and acted precisely as his principals would have acted had they heen here. The firm name of the defendants was on the sign over the door of their place of business, in New York; and when payment for the goods in question was demanded, P. wrote a note, signed in the name of the firm, promising payment at an early day.

*Held*, that this was sufficient to show that P. was the defendants' *general* agent, acting as their representative to do everythiug for them which the necessities of their business here required. And that in the absence of any instrument expressly appointing him to do this, the facts showed an implied authority.

Where principals accept and pay for, a portion of the goods purchased for them by their agent, they thereby dispense with any particular instructions, directing that the whole shall be delivered at once. If they design to accept no more than the portion already delivered, they should give early notice of that intent.

THIS action was brought to recover the value of goods sold by the plaintiff to the defendants, through their agent, one Portong. The action was tried before a justice of this court, without a jury, who found in favor of the plaintiff; and judgment being entered accordingly, the defendants appealed.

*By the Court,* CLERKE J. Portong, who purchased the goods in question for the defendants, was employed by them to transact their business in that branch of their commercial house situated in the city of New York. They have a manufacturing establishment at Magdebourg in Prussia; they

transmitted a portion of the goods, there manufactured, to New York, which were sold here by Portong; and he again was in the habit, frequently, of purchasing goods for them here to be used in their manufactory in Magdebourg. Portong published notices and wrote letters in their name ; wrote orders in their name and style ; and, in short, acted precisely as his principals would have acted if they were here. "Schaffer & Budenburgh" was the sign over the door of their place of business in Cedar street, and afterwards in John street; and, after the residue of the order was completed and accepted by Portong, when the payment for it was demanded, he wrote a note, dated April 18, 1865, signed in the name of the firm, promising payment early in the following month, stating that "at present they were a little short." I think this is abundantly sufficient to show that Portong was their *general* agent. He acted as their representative, to do everything for them which the necessities of their business here required. In the absence of any instrument expressly appointing him to do this, surely the facts show an implied authority. But Portong says that he had no general power from his house to buy goods, and that the goods which he did buy, were bought under especial authority. He was authorized to buy, and did buy, from the plaintiff 71,250 pieces of gas fittings ; and his instructions directed that the purchase should be entire, and not in separate portions. Even admitting this to be true, still the defendants are liable, if we are able to deduce from the whole facts which I have stated, that Portong was the general agent of the defendants in relation to their business here. The principle is well established, if a general agent has received particular instructions which he disregards, his acts as agent are, nevertheless, binding upon his principal. As between the principal and a general agent, any deviation from particular instructions will render the latter accountable to the former for any loss he may sustain in consequence of such deviation ; but as to third parties, who may have dealt with the agent, any limitation of the authority, not com-

Edwards *v.* Schaffer.

municated to them, can have no effect. There is no satisfactory proof that such a communication was made to the plaintiff. The facts show the contrary. The whole purchase was delivered at three separate periods; those goods that were delivered at the first and second periods amounted in value to $1977.52 ; those last delivered to $1235.75, for which this action is brought. In September two thirds of the order were delivered, accepted and paid for. About six weeks afterwards, a quantity was delivered, amounting to $205.18, on which Portong paid $152.11 ; and about the 31st December, the remainder amounting to $1136.70, was delivered to him. He sent them to the defendants in January, 1865, and in July he received a communication from them in which they declined to accept this last portion. They received and paid for the first two portions, and therefore dispensed with the particular instructions, directing that the whole should be delivered at once ; and if they still desired to accept no more than the first two portions, they should have given early notice of that intent. Instead of this, they allowed several months to elapse before the plaintiff received any intimation of their intention not to accept the third portion. So that, even if the particular instructions mentioned by Portong were given to him, and were communicated to the plaintiff, at the time of the purchase, still the subsequent conduct of the agent and of the principals, relieved the plaintiff from the consequences of such a communication. He had every reason to believe that they would accept the last as they did the first two portions. To be sure Portong says that he had told the plaintiff he could not send them to the defendants, because too much time had elapsed, and that they would be shipped at his, the plaintiff's risk ; but the plaintiff positively denies this ; and the judge credits the denial.

The judgment should be affirmed, with costs.

[NEW YORK GENERAL TERM, June 3, 1867. *Leonard, Clerke* and *Welles*, Justices.]