### BANK OF ATTICA *v.* POTTIER & STYMUS MANUF'G CO.

(*Supreme Court, General Term, Fifth Department.*   June 23, 1888.)

1. CORPORATION—CONTRACTS—INDORSEMENT OF NOTES BY AGENT.

Where it is within the inherent power of a corporation to make and indorse notes, and there is evidence that in the course of its business its notes have been made by a certain officer, and that notes held by it have been indorsed in its name by such officer, an indorsement of a note by him in the name of the corporation is binding on the latter when the note is in the hands of a *bona fide* holder, and such holder is not prevented from availing himself thereof by the fact that he had never before dealt in the corporation's commercial paper, though it also appears that it is the uniform custom of the corporation that all notes belonging to it shall be also indorsed by a certain other officer in his individual name, before being discounted or used.

2. NEW TRIAL—MOTION FOR—ON EXCEPTIONS TO BE HEARD AT GENERAL TERM.

On a motion for new trial, based upon exceptions only, and heard in general term in the first instance, where the case was treated by counsel at the close of the evidence as raising questions of law only, questions of fact cannot be considered, but will be deemed to have been determined in support of the verdict.

On exceptions from circuit court, Erie county.

Action on a promissory note by the Bank of Attica, of Buffalo, N. Y., against the Pottier & Stymus Manufacturing Company, as alleged indorsers, impleaded with Charles H. Andrews, maker.   Verdict for plaintiff, and the defendant corporation moves for a new trial, which motion is heard at general term in the first instance.

Argued before HAIGHT, BRADLEY, and DWIGHT, JJ.

*Spencer Clinton,* for plaintiff.   *Ansley Wilcox,* for defendant.

BRADLEY, J   The defendant is a domestic corporation, created pursuant to the general manufacturing act, and doing business in the city of New York. The contention on the part of the defendant is that the alleged indorsement of the note was not made by it.   The question arises upon exceptions taken to the denial of the defendant's motion for nonsuit, and to the refusal of the court to direct a verdict in its favor; also to the direction of a verdict for the plaintiff.   The indorsement purporting to be that of the defendant was made by M. E. Ingersoll, who was in fact its treasurer.   But that relation did not presumptively authorize him to charge the defendant by indorsement of commercial paper.   Persons dealing with a corporation are chargeable with notice of the purpose for which it was organized, and with the powers and authority of its officers and agents with whom they deal.   When, therefore, they seek to charge a corporation with liability upon a contract made apparently in its behalf, the burden is upon them to prove the authority to make it by the person assuming to act as the officer or agent of the corporation.   *Adriance* v. *Roome,* 52 Barb. 399; *Alexander* v. *Cauldwell,* 83 N. Y. 480; *De Bost* v. *Palmer Co.,* 35 Hun, 386.   In the latter respect the rule is substantially the same as that applicable to natural persons, acting through agents, and apparently may be as effectual as actual authority to charge a corporation with liability in behalf of a party dealing in good faith with the agent.   This situation may arise out of recognized transactions of the agent, and a course of

dealing by him in the business of the corporation acquiesced in by it. It was within the legitimate power of defendant to make and indorse notes in and for the purposes of its business, and this could be done only through its officers or agents. It must be assumed here that the plaintiff took this note in regular course of its business for value, before maturity, and became a *bona fide* holder of it. It follows that if the indorsement of the note by the treasurer of the defendant was within the scope of his authority, actual or apparent as that term is understood, the defendant was charged with liability upon it without reference to the question of authority in fact; and, in that view, such would be the effect if it were an accommodation indorsement, although no officer or agent of a corporation has any power in fact to indorse such paper. *Bank* v. *Aymar*, 3 Hill, 263; *Bank* v. *Bank*, 14 N. Y. 623, 16 N. Y. 125; *Meads* v. *Bank*, 25 N. Y. 143; *Association* v. *Lead Co.*, 35 N. Y. 505; *Cooke* v. *Bank*, 52 N. Y. 96; *Bank* v. *Globe Works*, 101 Mass. 57. The question, therefore, is whether upon the evidence the conclusion was warranted that the indorsement by this officer was within the scope of his power, actual or apparent. There is evidence tending to prove that in the course of business of the defendant its notes were made by this officer, and notes held by it were in its name indorsed by him in the manner in which the note in question was indorsed, and that notes so indorsed were discounted for the defendant; but, so far as appears, those discounted for it also had the indorsement of Auguste Pottier, an officer of the defendant. His was an individual indorsement. He testified, and so did another officer of the defendant, that the rule and uniform custom was that all notes belonging to the defendant, indorsed for discount or use, should have the indorsement of Pottier before so discounted or used; that this was the requirement of the defendant. Upon this evidence it is contended by the defendant's counsel that it was not within the scope of the power of the treasurer to make for the corporation any indorsement of a note to have effect until the name of such other officer was also indorsed upon it. Assuming that this was so in fact as between the treasurer and the defendant, it still would seem that the indorsement of notes for the defendant was within the scope of his authority, because, so far as appears, the defendant's indorsement was made by him only, and apparently that of Mr. Pottier added merely to the financial strength of the paper. The restriction was not upon the indorsement for the company, but related to the negotiation and use of the paper when so indorsed. The personal indorsement of Pottier following that of the treasurer for the company would not furnish any information of the restriction referred to. The paper would still indicate that the indorsement of the defendant was made by the treasurer. While a party dealing with the officers of a corporation may be charged with notice of the authority conferred upon them, he, acting in good faith, is not, nor are his rights, affected by secret instructions limiting their apparent powers. *Edwards* v. *Schaffer*, 49 Barb. 291; *Lefler* v. *Field*, 50 Barb. 407. This power of the treasurer to indorse for the company carried with it the authority to charge it by indorsements, qualified by a want of power to negotiate the paper upon its indorsement alone. This may have been a precautionary means of protection against the misuse by the treasurer of its paper; but, in view of the inherent power of the corporation to make, indorse, and use in its business commercial paper, it is difficult to see that a *bona fide* holder is charged with notice of it as a limitation of the apparent power of the officer authorized to make or indorse such paper. It is his indorsement alone, when so made for it, that charges the corporation with liability, although the other indorsement is added. It is, however, said that by reason of this restriction upon the power of the treasurer to negotiate the paper so indorsed by him, or to render it effectual for that purpose by the indorsement of the company alone through him, the right to treat such indorsement effectual to charge the company must rest upon estoppel, which is not available to the plaintiff, because it had not before

taken any of the paper indorsed in this or any manner by the defendant, or had any dealings with it. It is true that when an agent, acting within the scope of his apparent power or that with which he is clothed, proceeds in violation of it, the ground upon which the principal is chargeable to third persons acting in good faith is that of estoppel. It is not usually, like the ordinary estoppel *in pais*, founded upon the representation of the principal. But while the creation or existence of the power of an assumed agent cannot be established by his declarations or acts, (*Marvin* v. *Wilber*, 52 N. Y. 270,) the act of the agent within the scope of his apparent authority constitutes the representation of the existence of the facts which enables him to perform it. 2 Mor. Priv. Corp. §§ 586, 587, 597. *Bank* v. *Cornen*, 37 N. Y. 320; *Bank* v. *Railroad Co.*, 106 N. Y. 195, 12 N. E. Rep. 433, affirming 33 Hun, 589. The fact that the indorsement of the notes of the company was within the scope of the apparent power of the treasurer, was available to the plaintiff as a *bona fide* holder of the note, although it had not before dealt in the paper of the defendant so indorsed. And the indorsement itself was a representation by the agent that it was paper which came within such power. *Bank* v. *Clements*, 6 Bosw. 166, affirmed, 31 N. Y. 33. The limitation upon his authority goes to the circumstances under which effect is to be given to his indorsements, rather than to his power to make them for the defendant. This may be construed to have the character of instructions to the officer, and not the effect of qualification of his apparent power to the prejudice of a *bona fide* holder of paper indorsed by him, and in its effect may be likened to the want of power to indorse accommodation paper, in respect to which, it has before been observed, the principal may be charged by a holder in good faith, when done within the scope of the apparent authority of the agent. This doctrine rests on the ground that when one of two innocent parties must suffer, the responsibility should fall on him who has enabled another to do the injury. These views lead to the conclusion that the inferences of fact legitimately permitted by the evidence were such that the defendant was not as matter of law entitled to the direction of a nonsuit or verdict. The propositions of fact hereinbefore stated, bearing upon and in support of the authority of the treasurer to make indorsements for the defendant, are expressed upon the view merely that the evidence so warranted the finding of the facts, and not that they were conclusively, or as matter of law, established.

Then there was a question of fact arising out of the inconclusive character of the evidence upon the subject whether the indorsement by Mr. Pottier, in addition to that of the defendant, through the treasurer, of notes for discount was a rule of the corporation. The evidence to support the claim that it was such, and adopted by the defendant for its purposes, was solely in the testimony of two officers, the president and vice-president of the defendant. They had an interest which presented for consideration the question of their credibility. Their evidence, uncontradicted, would for that reason not be conclusive. *Dean* v. *Van Nostrand*, 23 Wkly. Dig. 97; *McElwain* v. *Railroad Co.*, 21 Wkly. Dig. 21; *Kearney* v. *Mayor*, 92 N. Y. 618; *Honegger* v. *Wettstein*, 94 N. Y. 253; *Sipple* v. *State*, 99 N. Y. 285, 1 N. E. Rep. 892, and 3 N. E. Rep. 657. This evidence, however, was contradicted so far that a witness testified to the effect that the indorsement of such person, in addition to that of the defendant, was a requirement of the bank where its paper was discounted. There seems, therefore, to have been a question of fact properly for the determination of the jury whether such additional indorsement was required by a rule of the company by way of limitation of the power of the treasurer, or made simply to improve the character of the paper; and this question, in the view taken of it by the defense, has some importance. The same remarks are applicable to the evidence of the two officers upon the question whether the indorsement referred to was an accommodation one or not, in respect to which there is no other evidence supporting or contradicting

theirs. So far, therefore, as this question may have importance, if it can be said to have any, the evidence also presented a question of fact growing out of that of the credibility of those witnesses. But no question of fact is available to the defendant upon this review, because—*First*, the case is here upon exception only; and no question upon the weight of the evidence can have consideration; and, *second*, at the close of the evidence it was treated by counsel as presenting questions of law only. Any desire to have any question submitted to the jury was negatived by the defendant's counsel. Whatever questions of fact there were, will therefore be deemed determined in support of the verdict directed. *Colligan* v. *Scott*, 58 N. Y. 670; *Dillon* v. *Cockcroft*, 90 N. Y. 649; *Provost* v. *McEncroe*, 102 N. Y. 650, 5 N. E. Rep. 795. We have examined the several exceptions taken to the exclusion of evidence, and think there was no error in the rulings to the prejudice of the defendant. The motion for a new trial should be denied, and judgment directed for the plaintiff upon the verdict.

HAIGHT and DWIGHT, JJ., concur.