BENESCH *v.* JOHN HANCOCK MUT. LIFE INS. CO.

*(Common Pleas of New York City and County, General Term.* June 2, 1890.)

1. CORPORATIONS—ACTIONS—PROOF OF CORPORATE EXISTENCE.
    In ordinary actions against a corporation, it is sufficient to prove its existence *de facto.*

2. SAME—CONTRACTS.
    A corporation is bound by a contract, within the general scope of its business, made by an agent within the apparent scope of his authority.

Appeal·from seventh district court.

Action by Anton Benesch against the John Hancock Mutual Life Insurance Company for balance of salary. A circular printed by the company and signed by one Miller, as superintendent, was claimed to have bound the company, also his receiving money, which it was alleged was turned over to the company, as security in place of a bond from collectors. Judgment for plaintiff, and defendant appeals.

Argued before LARREMORE, C. J., and BOOKSTAVER, J.

*Langbein Bros. & Langbein,* for appellant. *A. C. Kudlich,* for respondent.

LARREMORE, C. J.   The case presented upon this appeal is of great importance, and as a test case deserves, as it has received, a most careful consideration. The main question in dispute involves the right of Miller, the superintendent and alleged special agent of defendant, of which Hill was the manager of the branch office at No. 28 Union square, in the city of New York, to bind the defendant corporation. Its existence as such *de facto* we think was established sufficiently for the purpose of this action. It is enough, in ordinary actions, to prove the existence of a corporation *de facto*, without proving formal compliance with the requirements of the law or charter in respect to its organization. Abb. Tr. Ev. 18, 19. Such presumption arises by the conduct of a corporation and their officers and agents the same as in regard to individuals. It would be presumed that they conduct their operations substantially upon the same principles and in the same manner as individuals engaged in like business. All dealings not apparently beyond the scope of the corporation are presumed to be valid until the contrary is shown. Illegality is not presumed, but must be proven. Id. 33. A corporation acting within the scope of the legitimate objects of its institution is bound by all parol contracts made by its authorized agent. A person seeking to charge a corporation with the act of its officers is not affected by secret instructions limiting the officer's apparent powers. *Bank of Attica* v. *Pottier & S. Manuf'g Co.,* 1 N. Y. Supp. 483. Having a legal *status* and a general business office in this state, as shown by the evidence, it is now too late to question the right of its legally authorized agents upon a contract made in its general scope of business. In such a case, as before stated, special limitations of authority of agents will not prejudice those dealing with it when relying upon the statement and action of its duly authorized representatives. In view of the many cases presented for adjudication, we are unable to review *in extenso* the authorities cited in the elaborate briefs presented. We cannot disturb the findings of fact in this case upon the evidence, and, after due consideration, I think the judgment appealed from should be affirmed, with costs.