JOHN W. BANKER, Respondent, *v.* WILLIAM E. KNIBLOE, Appellant.

*Verdict directed by the court, after requests for a direction by both parties — existence of a question of fact for the jury, not a ground for granting a new trial.*

When, on a trial, at the close of the evidence both parties ask for the direction of a verdict by the court, and neither party asks to go to the jury upon any question in the case, and the court thereupon directs a verdict, a new trial is not to be granted upon the ground there was a question of fact in the case which should have been submitted to the jury.

APPEAL by the defendant, William E. Knibloe, from an order of the Supreme Court made at the Monroe Special Term and entered in the office of the clerk of Livingston county on the 5th day of January, 1893, granting the plaintiff's motion for a new trial, made after the rendition of a verdict for the defendant, by direction of the court, at the Livingston Circuit.

*L. O. Reed*, for the appellant.

*G. W. Daggett*, for the respondent.

DWIGHT, P. J. :

At the close of the evidence, both parties asked for the direction of a verdict by the court, and neither party asked to go to the jury upon any question in the case. The court thereupon directed a verdict for the defendant, but stayed the entry of judgment, and gave time to the plaintiff to move for a new trial. That motion was afterwards heard at a Special Term held by the same judge, and the order for a new trial was granted solely upon the ground, as appears from the opinion of the judge, that there was a question of fact in the case which should have been submitted to the jury.

The situation is peculiar. By the course taken by the parties on the trial both of them waived the right to go to the jury upon any question in the case, and submitted all questions — of fact as well as of law — to the decision of the court. (*Bank of Attica* v. *Pottier & Stymus Mfg. Co.*, 17 N. Y. St. Repr. 327, 332 ; *Dillon* v. *Cockcroft*, 90 N. Y. 649 ; *Provost* v. *McEncroe*, 102 id. 650 ; *Reilly* v. *Lee*, 41 N. Y. St. Repr. 559, 562.) It is plain, therefore, that no error was committed in withholding any particular question of fact from the jury, since all questions of fact were withdrawn from the jury by the parties themselves. In such a case the only questions reviewable on a motion for a new trial are those raised by exceptions taken on the trial, and the question whether the decision of any question of fact, necessarily involved in the direction of a verdict, was without evidence to support it. (*Gregory* v. *The Mayor*, 113 N. Y. 416 ; *Kirtz* v. *Peck*, Id. 222 ; *Provost* v. *McEncroe, supra.*) Manifestly, in such a case it is not open to either party on appeal, or on a motion for a new trial, to complain that there was any question of fact in the case which should have been submitted to the jury.

In this case the only question of fact which was really litigated on the trial, or which is suggested by the plaintiff as an open question on this motion, is the question whether the plaintiff was a holder in good faith and for value of the promissory note in suit, and that is the question which the court at Special Term held should have been submitted to the jury.

For the reasons stated it is evident that the motion for a new trial should not have been granted on that ground, and we find no other ground in the case which justifies the granting of the motion.

The order must, therefore, be reversed, with costs, and judgment directed for the defendant on the verdict.

LEWIS, MACOMBER and HAIGHT, JJ., concurred.

Order granting new trial appealed from reversed, with costs, and judgment ordered for defendant on the verdict.