Gtildersleeve, J.
The action is brought to recover damages for personal injuries. On or about the 14th day of January, 1891, the plaintiff, while driving a coal cart on Third avenue, under the defendant’s railroad, between Seventy-Seventh and Seventy-Eight streets, in this city, was injured by an iron bar,'which fell from the defendant’s elevated railroad structure down upon the plaintiff. At the close of the plaintiff’s testimony, the defendant’s counsel moved to dismiss the complaint on the ground that the plaintiff had failed to show any negligence on the part of the defendant. The court denied the motion, and defendant’s counsel duly excepted. The defendant called no witnesses. On plaintiff’s motion, the court then directed a verdict for the plaintiff, leaving the question of damages only for the jury. To this the defendant excepted. The jury returned a verdict in favor of plaintiff, and assessed the damages at the sum of $2,000. From the judgment entered on this verdict, and from the order denying defendant’s motion for a new trial, the defepdant appeals to the general term.
There can be no question that the plaintiff was free from contributory negligence. He was lawfully driving on Third avenue, under the defendant’s elevated railroad, when he was struck and badly injured by a bar of iron, between two and two and a half feet long, about two inches wide, and about an inch thick, which fell from the elevated structure above him. Clearly, no contributory negligence can be charged against the plaintiff.
The appeal presents but two alleged errors which demand consideration : First, the appellant claims the plaintiff failed to show or prove that the accident happened from defendant’s negligence, and that it was, therefore, error to refuse to nonsuit the plaintiff ; second, the appellant claims that the learned trial judge erred in directing a verdict for the plaintiff.
The answer to the first assignment of error is that the circumstances of the accident raise a presumption of negligence on the part of the defendant’s servants, which, in the absence of explana *150 tion, established the defendant’s liability. The construction and operation of the defendant’s elevated railroad in the public highway imposed upon the defendant, in its management, the duty of exercising reasonable care at all times to prevent the injury of persons in lawful proximity thereto. In the absence of contributory negligence on the part of the plaintiff, the defendant is liable for any injury that results from an accident like the one under consideration that can be attributed to the want of reasonable care. In the ordinary course of things, a piece of iron, such as struck the plaintiff, does not detach itself from the elevated railroad structure, and- fall to the ground. It is therefore a reasonable presumption, in the absence of any explanation, that the accident resulted from the want of ordinary care on the part of the defendant. If the accident was due to circumstances which the exercise of ordinary care could not forsee and guard against, or to the wrongful acts of others, the defendant is not liable for the injury ; but, under the circumstances of this case, the burden of showing such facts, if they existed, was placed upon the defendant. This the defendant has failed to do. The motion to dismiss the complaint was, therefore, properly denied. Mullen v. St. John, 57 N. Y. 567; Kearney v. Railroad Co., L. R. 5 Q. B. 411; Goll v. Manhattan Railway Co., 125 N. Y. 714; Lowery v. Manhattan Railway Co., 99 N. Y. 158; Volkmar v. Manhattan Railway Co., 134 N. Y. 418; 47 St. Rep. 631.
With regard to the second assignment of error, it must be held that the defendant cannot raise that point on this appeal. Defendant’s counsel, after the denial of his motion to dismiss the complaint, did not ask to go to the jury upon the facts. In such a case it has been repeatedly held that a defendant is estopped from raising the point upon appeal that there were questions of fact which should have been passed upon by the jury. The defendant having relied upon its motion to dismiss the complaint, and not having requested that any fact be submitted to the jury, cannot now properly urge that there was any question of fact for the jury. The defendant should have asked to go to the jury upon the facts. The exceptions to the ruling and direction of the court is not, under the eircumstances, available. The rule is that,where parties have, by motion for a non-suit, or by resting their defense upon certain propositions of law, waived their right to go to the jury, and have not requested to go to the jury after the motion for a nonsuit is denied, or the law held adversely to them, they are estopped from taking the point in the appellate court that there were questions to be passed upon by the jury. Ormes v. Dauchy, 82 N. Y, 443-448; O'Neill v. James, 43 N. Y., 84; Village of Port Jarvis v. First Nat. Bank, 96 N. Y., 550; Banker v. Knibloe, 69 Hun, 539 ; 53 St. Rep., 289. In view of the nature of the accident, the amount of damages awarded by the jury is not excessive.
For the reasons above stated, the judgment and order appealed from must be affirmed, with costs.
All concur.