### BRAUN v. HOTHAN.

(Supreme Court, Appellate Division, Second Department. October 16, 1903.)

1. APPEAL—FINDINGS ON CONFLICTING EVIDENCE—REVIEW.
   A finding by the court, in an action tried without a jury on conflicting evidence, will not be disturbed on appeal, unless it has been improperly affected by the errors assigned by appellant.

2. SAME—EVIDENCE—COPIES—HARMLESS ERROR.
   In an action on a contract, error in the reception in evidence of a carbon copy of the contract, over defendant's objection, was harmless, where the original contract, signed by both parties, was subsequently placed in evidence by defendant, and it appeared on inspection that plaintiff's exhibit was a faithful reproduction of defendant's.

3. SAME—EXPERTS.
   Where, in an action to recover on a written contract for a tombstone, there was no controversy as to what had been done or left undone, but only as to whether one item of work which had not been done should have been done, error, if any, in the court's permitting an expert to testify that the work as finished was in all respects in accordance with the contract and design, was harmless.

4. SAME—CONTRACTS—FINDINGS.
   Where a contract for the construction of a monument did not call for a monument similar in pattern and drawing to any other, but for a monument of a particular design, a finding in an action for the price that plaintiff was not bound to furnish a monument in size and design similar to another in the cemetery, to which defendant called plaintiff's attention before the contract was signed, was proper.

Appeal from Municipal Court of New York.

Action by Joseph Braun against August Hothan. From a municipal court judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HIRSCHBERG, JENKS, and HOOKER, JJ.

John B. Roesch, for appellant.
J. Bohmbach, for respondent.

HIRSCHBERG, J. The plaintiff has recovered judgment for the balance due under a written contract for the construction and setting of a tombstone and cover. The execution of the contract by the parties is conceded, but the defendant denies that the design of the work as completed is in accordance with the contract. The court has found in favor of the plaintiff upon conflicting evidence, and the result

should not be disturbed, unless it has been improperly affected by the errors assigned by the appellant.

The court received in evidence a carbon copy of the contract, over the defendant's objection. Assuming that this was error (Reilly v. Lee [Sup.] 16 N. Y. Supp. 313), it was harmless, inasmuch as the original contract, signed by both the parties, was placed in evidence by the defendant, and it is evident on inspection that the plaintiff's exhibit is a faithful and accurate reproduction of the defendant's. Each party submitted a design, which each claimed was the one contemplated by the contract, and the conclusion reached by the trial court that the plaintiff's was the one on which the estimate was based is sufficiently supported by the evidence. The plaintiff testified that the work, as finished and set up, was in all respects in accordance with the contract and design, and in this he was corroborated by an expert called as a witness in his behalf. It is urged that the reception of the testimony of the expert was error. Assuming this to be so, the error was harmless, for there was no controversy between the parties as to what had been done or left undone, but only as to whether or not one item of work which had not been done should have been done. The learned counsel for the defendant, in objecting to the evidence of the expert, stated: "There is no question about the work. The question is in relation to this one particular item in the contract, which we allege he has not done." The defendant failed to clearly establish what the "one particular item" was. The plaintiff's evidence tended to show that it related to some molding or beading which the defendant claimed should have been cut upon the monument, and which the plaintiff, while denying that he was under obligation to supply it, nevertheless agreed to do so if the defendant would make him a payment on account. In this respect the finding of the trial court is justified in the adoption of the plaintiff's version as in harmony with all the circumstances and surroundings of the transaction.

The defendant further claimed that the monument was to be in size and design similar to another one in the cemetery, to which he called the plaintiff's attention before the contract was signed. The contract, however, clearly does not call for a monument similar in pattern and drawing to any other, and I think in this respect, also, the finding of the court favorable to the plaintiff's contention is in accord with the preponderance of the oral evidence.

The judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.