### GIEGER v. LEVIN.

(Supreme Court, Appellate Term.  January 8, 1909.)

PRINCIPAL AND AGENT (§ 120*) — AUTHORITY OF AGENT — EVIDENCE—ADMISSIBILITY—SIMILAR TRANSACTIONS BY AGENT.

The issue being whether defendant's employé had authority to contract for him to pay plaintiff certain commissions for services, the exclusion of evidence as to whether the employé had made similar agreements for defendant when he had paid the commissions was error; the evidence being competent to show authority or an ostensible agency.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 409; Dec. Dig. § 120.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Alexander Gieger against Morris Levin. From a judgment for defendant, plaintiff appealed. Reversed, and new trial ordered.

See, also, 110 N. Y. Supp. 203.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

H. A. Rosenberg, for appellant.
Warren McConihe, for respondent.

BISCHOFF, J.  This judgment must be reversed for error in the exclusion of competent and relevant evidence offered on behalf of the plaintiff.  The issue was whether Jacob Levin, the defendant's employé, had authority to make the agreement in suit whereby the plaintiff was to be paid commissions for performing certain services. Both the defendant and the assumed agent were called as witnesses by the plaintiff, and each was asked whether, to his knowledge, similar agreements to pay commissions had been made by Jacob Levin for the defendant, with subsequent payment by the latter.  The evidence thus sought was excluded, but it was certainly competent and had direct relation to the issue whether as supporting an inference of actual authority to make this contract, or as proving an ostensible agency, if the plaintiff acted in reliance upon a holding out of the agent as one duly authorized.  Wood v. Railroad Co., 8 N. Y. 160; Edwards v. Schaffer, 49 Barb. 291.  The error noted being obviously prejudicial in character and having been in no way cured in the course of the trial, we conclude that the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.  All concur.