JOHN C. PROVOST, Respondent, *v.* JOHN M. McENCROE, Appellant.

Where, at the close of the evidence on a trial, both parties asked the court to
direct a verdict in their favor, and the court directed a verdict for plaintiff, to which defendant excepted, but made no request to be allowed to
go to the jury, *held*, that as the parties had thus treated the case as presenting questions of law only, and as there was evidence to support the
ruling, the judgment could not be assailed by showing that there were
questions of fact arising on the evidence.

(Argued March 12, 1886; decided March 26, 1886.)

THIS action was upon four promissory notes executed by defendant.   The notes were renewals of other notes similarly
executed.   The defense was that the original notes were made
by defendant for the accommodation of the payee, to be used
for a special purpose, of which plaintiff had knowledge when
he received them, but that they were misappropriated by the
payee, of which fact defendant was ignorant when he renewed
them.

The following is an extract from the opinion :

" At the close of the evidence the plaintiff ásked the court to
direct a verdict in his favor, and the defendant requested a similar direction in his own behalf.   The court ordered a verdict
for plaintiff, to which the defendant excepted, and this is the
only exception in the case raising any material question.

" The defendant made no request to be allowed to go to the
jury upon questions of fact, and both parties treated the case
as presenting questions of law alone.   Under such circumstances, if there was evidence supporting the conclusions found by
the trial court, the judgment rendered thereon cannot be successfully assailed by showing that there were questions of fact
arising on the evidence which were not submitted to the jury.
By omitting to request the submission of such questions and
acquiescing in the determination thereof by the court, the defendant has waived any objection to the mode of trial and must
stand upon the exceptions taken.   ( *Winchell* v. *Hicks*, 18 N.
Y. 558; *Calligan* v. *Scott*, 58 id. 670.)

" The trial court, in disposing of the case, stated that it did

so in the manner stated upon the ground that the proof did not establish the fact of a misapplication of the notes by the person to whom they were intrusted by the defendant, and we agree in that view of the case."

The balance of the opinion is taken up with an examination and discussion of the evidence.

*L. Laflin Kellogg* for appellant.

*Jesse Johnson* for respondent.

RUGER, Ch. J., reads for affirmance.
All concur.
Judgment affirmed.