MEHRHOF BROS. BRICK MANUF'G CO. *v.* WOOD.

(*City Court of New York, General Term.* April 24, 1891.)

REVIEW ON APPEAL—FINDINGS BY COURT.

At the close of the testimony on a trial each party moved for the direction of a verdict in his own favor, and no request was made by either to go to the jury. *Held*, that this was in effect an agreement to submit disputed questions of fact to the judge; and his decision thereon, there being evidence to uphold it, must be sustained on appeal.

Appeal from trial term.

Action by the Mehrhof Bros. Brick Manufacturing Company against Frederick Wood. Plaintiff appeals from a judgment for defendant entered on a verdict rendered by direction of the court.

Argued before EHRLICH, C. J., and VAN WYCK and NEWBURGHER, JJ.

*Lilian H. Andrews*, for appellant. *Artemus B. Smith*, for respondent.

VAN WYCK, J. This action was upon a promissory note for $1,500 to the order of plaintiff and made by the defendant. There is a conflict of evidence as to the circumstances under which the note was given; the plaintiff claiming that it was given in consideration of plaintiff's agreement to return two notes of $750 each to one Russ, the maker thereof; and the defendant contending that it was given without consideration, and as a mere accommodation to the plaintiff, payee, to be paid at maturity by the plaintiff. At the close of the testimony the defendant requested the court to direct a verdict in his favor, and the plaintiff moved for a verdict in its favor, and no requests were made by either party to go to the jury. The court denied plaintiff's motion, and directed a verdict for the defendant. It is the established rule in this state that where, upon a trial, the defendant, after the close of the testimony, moves to dismiss the complaint, or for the direction of a verdict, and the plaintiff requests the court to direct a verdict, this is in effect an agreement to submit the questions of fact to the court, and, if there is any evidence to uphold the decision, it will be sustained. In the case of *Stratford* v. *Jones*, 97 N. Y. 589, the late Judge RAPALLO applied this rule as follows: "But both parties requested the court to direct a verdict. Under these circumstances it has often been held that the parties must be deemed to have submitted the questions of fact, if any, to the decision of the court, and waived the right to go to the jury." And this rule is adhered to in *Provost* v. *McEncroe*, 102 N. Y. 650, 5 N. E. Rep. 795, and in *Kirtz* v. *Peck*, 113 N. Y. 225, 21 N. E. Rep. 130, and, when applied to the case now under consideration, must lead to an affirmance, as disputed questions of fact were submitted to and determined by the judge at the trial. Judgment affirmed, with costs. All concur.