### WOOD *v.* FRANKLYN.

*(City Court of New York, General Term.   May 8, 1891.)*

APPEAL—WEIGHT OF EVIDENCE.
Where defendant's motion to dismiss the complaint is denied, and defendant does not request a submission of the facts to the jury, a verdict directed for plaintiff will not be disturbed on appeal, if there is any evidence to sustain it.

Appeal from trial term.

Action by John H. Wood against Charles G. Franklyn. A verdict was directed for plaintiff, and from the verdict entered thereon defendant appeals.

Argued before FITZSIMONS and McCARTHY, JJ.

*Butler, Stillman & Hubbard,* for appellant.   *Larned & Warren,* for respondent.

McCARTHY, J.   The plaintiff sues to recover from the defendant the sum of $1,548.24, with interest for work, labor, and services. The defendant, in effect, pleaded a general denial. The case finally came to trial, and was contested. At the close of the case the defendant moved to dismiss the complaint, which was denied, and thereupon the court directed a verdict for the plaintiff for $2,198.40, to which direction the defendant excepted. No request was made by the defendant to submit the facts to the jury, and both parties treated the case as involving questions of law. From this judgment the defendant now appeals. The defendant's failure, after the motion to dismiss

was denied, to request the court to submit the questions of fact to the jury, is fatal, if there be any evidence to sustain the verdict. I have examined the case carefully, and think there was sufficient evidence. In *Kirtz* v. *Peck*, 113 N. Y. 226, 21 N. E. Rep. 130, RUGER, C. J., says: "Neither party asked to go to the jury upon any question of fact, and if, therefore, the evidence presented any such question, the court was authorized by the mode in which the case was tried to find thereon, and, if there was evidence to sustain the finding, it is conclusive upon the parties on this appeal. By requesting the court to determine the case as one of law, the party waived his right, if any, to go to the jury upon questions of fact, and submitted all questions involved to the determination of the court." It is well settled that where the defendant moves for a nonsuit, or rests his defense upon questions of law, and does not request to go to the jury, and his motion is denied, or the law held adversely to him, he is estopped from raising the point, upon appeal, that there were questions of fact which should have been passed upon by the jury. See *Dillon* v. *Cockcroft*, 90 N. Y. 649; *Provost* v. *McEncroe*, 102 N. Y. 650, 5 N. E. Rep. 795. For these reasons the judgment should be affirmed, with costs.