HENRY E. WEED, Respondent, v. THE HAMBURG-BREMEN FIRE INSURANCE COMPANY, Appellant.

*Insurance policy — condition that the " exact interest" of the assured be stated — construction of the phrase " as his interest may appear" in the case of a mortgagee who had foreclosed but had not sold.*

An insurance policy, issued upon the application of a mortgagee, required that the " exact interest of the assured in the property" be stated in the policy, and provided that otherwise it should be void.   It insured " the estate of O. Richards; " and further stated "loss, if any, payable to Henry E. Weed, mortgagee, as his interest may appear."

Upon the trial of an action brought by the mortgagee to recover upon said policy, it appeared that Weed received his mortgage from Richards in 1873; that Weed had obtained a judgment of foreclosure thereof in 1877, but had never sold under the judgment; that, in 1875, Richards conveyed the premises, subject to this mortgage, in trust to a third person, but remained in possession thereof, claiming to own them, up to the time of his death, insolvent and intestate, in 1879.

It further appeared that the policy was issued in 1881; that no one interested in the property under Richards had anything to do with the issuing of said policy, and that the words " estate of O. Richards " were used as a comprehensive term to embrace all who had interests in the property.

*Held*, that the plaintiff was entitled to recover.

That it was not requisite that he should set up in the policy all the intricacies of the title, as his mortgage was given prior to their coming into existence, and was valid.

That the plaintiff, the mortgagee, having stated his own interest correctly, and there being no doubt upon all the evidence as to what was meant by the phrase "mortgagee, as his interest may appear," the plaintiff, although a mortgagee with a judgment of foreclosure, was entitled to recover.

APPEAL by defendant, the Hamburg-Bremen Fire Insurance Company, from a judgment, entered in the Rensselaer county clerk's office on the 24th day of November, 1890, in favor of the plaintiff, after a trial at the Rensselaer County Circuit before the court and a jury, at which a verdict was rendered in favor of the plaintiff for $1,525.

*A. H. Sawyer*, for the appellant.

*G. B. Wellington*, for the respondent.

LANDON, J. :

The policy insured " estate of O. Richards," against loss by fire on " their grist-mill " and fixed and movable machinery, " loss, if any, payable to Henry E. Weed, mortgagee, as his interest may appear." The policy contains this clause : " If the exact interest of the assured in the property, whether as owner, trustee, consignee, factor, agent, mortgagee, lessee, or otherwise, be not truly stated in the policy, then and in every such case this policy shall be void."

The defendant insists that the " estate of O. Richards " is insured, and not the mortgage interest of the plaintiff, and that the plaintiff is the mere payee of the loss sustained by the estate, and the policy is void under the clause quoted for the reason that the exact interest of the assured is not truly stated. *Weed* v. *London and Lancashire Fire Insurance Company* (116 N. Y., 114), is relied upon in support of this contention. That was a case in which this plaintiff sought a recovery upon the same loss upon a policy concurrent with this, in which, also, the policy insured the estate of O. Richards, loss, if any, payable to this plaintiff as his claim might appear.

The case cited was decided adversely to the plaintiff, because the policy in that case contained a clause which is absent in this, namely, that if the interest of the assured in the property was other than the entire, unconditional and sole ownership thereof the policy should be void ; the referee found it was other than the entire, unconditional and sole ownership thereof, and the Court of Appeals held the policy never had any force. The present case is different.

In the present case evidence was given tending to show that the plaintiff insured his mortgage interest, and that the words " estate of O. Richards " were merely in identification of the property

insured. It was shown that in 1854 O. Richards bought the property; that in 1873 he and his wife gave the plaintiff the mortgage upon which this policy rests; that there remains unpaid upwards of $12,000 upon the mortgage; that in 1875 Richards and wife conveyed this and other property to Dean Sage, subject to this mortgage, but in trust to hold, enjoy and dispose of the same, and collect the rents and income thereof while unsold, and apply the net rents meanwhile, and the net proceeds of sale ultimately, after payment of incumbrances, to the benefit of Richard's creditors, with a residuary clause in favor of Richards; that Richards, notwithstanding such conveyance, continued to occupy said premises, claiming to own them, until his death, which occurred in 1879; that he died insolvent and intestate, leaving a widow and three sons surviving him, of whom one is administrator of his estate; that in November, 1881, the plaintiff applied for and procured this policy of the defendant; that he paid the premium; that no one representing the estate of O. Richards had anything to do with it; that plaintiff obtained the policy through defendant's agent, D. B. Ketchum, who resided near the property. No request was made by either party to submit any question of fact to the jury, but each party requested the court to direct a verdict in his favor. The court directed a verdict in favor of plaintiff, holding that " it was here the intention to insure under this policy the insurable interest of Henry E. Weed, mortgagee, and that the case therein differs from the one cited, in which the referee found the fact to be otherwise." A verdict thus directed settles the facts in favor of the party obtaining the verdict. (*Sutter* v. *Vanderveer*, 122 N. Y., 653; *Dillon* v. *Cockcroft*, 90 id., 649.) We think the verdict is justified by the evidence. It would be perplexing for the ordinary business man to state, in the usual brevity employed in insurance policies, the exact ownership of this property at the date of the policy. But there was no question about the plaintiff's mortgage; it was given before the title became involved in any intricacy; the plaintiff desired to insure his own interest; whether the interest subsequent to his own was insured or not was no concern of his; he bought the insurance he wanted; he could not with confidence name the person who owned the property, but he could identify it, and give to the defendant the means of finding out, by designating it as the "estate of O. Richards;"

and he could state exactly and truly whether his own interest, which he desired to insure, was that of owner, mortgagee, trustee, agent or otherwise, and he did so, and thus completely satisfied the limited kind of exactness which the clause first above quoted from the policy required of him. It was competent for him to insure his own interest in the manner which he employed. (*Thomas* v. *Montauk Fire Ins. Co.*, 43 Hun, 218; *Pitney* v. *Glens Falls Ins. Co.*, 65 N. Y., 6; *Dakin* v. *Liverpool, etc., Fire Ins. Co.*, 77 id., 600.) If there was any doubt whether he intended to do so, that doubt arose from the ambiguity of the words "estate of O. Richards," and from the extrinsic evidence which it was proper to resort to in order to enable the court to understand the circumstances under which the policy was given, to the end that it might be properly construed and effect given to the intention of the parties. The verdict settled the doubt in the plaintiff's favor.

The defendant cites several cases, of which *Grosvenor* v. *Atlantic Fire Insurance Company* (17 N. Y., 391), is the leading one, and argues from them that the plaintiff insured the interest of the estate, and not his own, and that as it was held in 116 New York that the estate had no interest because of the deed from Richards to Sage, therefore the plaintiff, as the mere payee of the loss, can take nothing. The cases referred to state the rule where the owner insures his property and directs that the loss shall be payable to his creditor. They do not apply to a case in which the incumbrancer insures his own interest.

The defendant contends that the plaintiff did not state his exact interest truly in stating that he was mortgagee. This contention is based upon the further fact proved in the case that in 1877 the plaintiff obtained a judgment of foreclosure upon his mortgage, but never proceeded to sale. We have already called attention to the peculiar kind of exact statement of his interest which the policy required the plaintiff truly to make. It was to distinguish by his statement exactly and truly which of several interests he had, whether that of owner, mortgagee, trustee, etc., no more. He was a mortgagee with a judgment of foreclosure. But the policy said "mortgagee as his interest shall appear," thus leaving to appear, when the loss should occur, what further was necessary to define its

status among the various kinds of mortgage interests. It may be true that the mortgage was technically merged in the judgment, but it is also true that the judgment is simply a step to enable the mortgagee to realize his mortgage interest. It would be gross injustice to defeat an honest claim upon some nice distinction in the refinements of legal nomenclature, wholly irrelevant to the merits of the controversy.

But if we should assume that the plaintiff insured the estate of O. Richards for his own benefit, the case would be free from the difficulty which defeated the plaintiff in the case in 116 New York, and would be assisted by the rules there enumerated. This case is free from the fatal clause of the policy of that case, and free from the adverse finding of the referee. Here the verdict is in plaintiff's favor; the restriction in the policy presents no difficulty; the evidence is ample to uphold the finding that the expression " estate of O. Richards" embraces that of the trustee, heirs and administrator; that it was intended to be a comprehensive term, embracing all, who severally or together, were needful to make the statement that they were owners, exact and truthful, and ample to protect the mortgage interest of the plaintiff " as it should appear."

As the plaintiff bought the insurance he is entitled to recover upon it. (*Pitney* v. *Glens Falls Ins. Co.*, 65 N. Y., 6.)

We think the objections respecting notice of loss and proofs of loss, and the offer of the defendant to prove by oral testimony that the plaintiff held the mortgage as trustee for the bank of which he was president, were properly disposed of by the trial court.