### WEED *v.* FIRE ASS'N OF PHILADELPHIA.

*(Supreme Court, General Term, Third Department.   December 28, 1891.)*

INSURABLE INTEREST—RIGHTS OF MORTGAGEE.

R., after mortgaging realty to plaintiff, conveyed all his property to another in trust to pay his debts out of the same, and convey back the residue, if any, to R. Subsequently plaintiff obtained a judgment of foreclosure. Before any sale under the judgment, and after R.'s death, plaintiff procured the property mortgaged to be insured in the name of "estate of R.," loss, if any, payable to plaintiff as mortgagee, the policy providing that it should be void if the interest of the insured, other than absolute and sole ownership, was not stated therein. *Held*, that plaintiff had an insurable interest as mortgagee, which it would be presumed the parties intended to insure, the words "estate of R." being used as words of description. *Weed* v. *Insurance Co.*, (Sup.) 15 N. Y. Supp. 429, followed.

Appeal from circuit court, Rensselaer county.

Action by Henry E. Weed against the Fire Association of Philadelphia on a policy of fire insurance. Defendant appeals from a judgment entered upon a verdict directed for plaintiff. Affirmed.

The policy contained a condition providing that it should be void if the property insured "be held in trust or on commission, or be a leasehold or other interest not amounting to absolute or sole ownership," and is not so stated in the policy. The action was brought to recover on an insurance policy issued by the defendant for the term of one year for $675 on their grist-mill, and $325 on machinery therein; loss, if any, payable to Henry E. Weed, mortgagee, as his interest may appear. At the conclusion of the evidence, both plaintiff and defendant asked the court to direct the jury to find a verdict in their favor, respectively, and the judge thereupon directed a verdict for the plaintiff.

Argued before LEARNED, P. J., and MAYHAM and KELLOGG, JJ.

*A. H. Sawyer*, for appellant. *Smith & Wellington*, (*G. B. Wellington*, of counsel,) for respondent.

MAYHAM, J. The plaintiff brought this action as mortgagee to recover on a fire insurance policy issued by the defendant, and asks to have the policy reformed so that it shall be payable to him as mortgagee, as his interest may appear, and as so reformed seeks to recover thereon the amount of the face of the policy, and interest from the time of the loss on the same. The answer denies many of the allegations of the complaint, and alleges various grounds on which it is claimed by the defendant that the policy is void. The leading facts established on the trial, which bear upon the questions raised on this appeal, are as follows: On and prior to the 30th of October, 1873, one Orson Richards was the owner of certain mill property in Washington county, and on that day he and his wife executed a mortgage to Henry E. Weed, the plaintiff, to secure the payment within three years of all advances that might thereafter be made by Weed to Richards. On the 1st day of May, 1875, Richards and wife executed to Dean Sage a deed of "all the lands, tenements, hereditaments, real estate, mills, mill privileges, booms, dams, water-rights, rights of way, easements, and appurtenances thereunto belonging, or in any

wise appertaining, situate, lying, and being in the counties of Essex, War-
ren, Hamilton, Washington, and Saratoga, belonging to them, or either of
them." This conveyance was subject to all incumbrances then existing on
said premises, and was in trust to hold, enjoy, and dispose of the same, and
receive the rents, issues, and profits, and the proceeds thereof, and so long
as any of the said property remains undisposed of under the power and in
pursuance of the trust, and make application of the rents, issues, and profits
as provided in such conveyance, with power to sell; and, after paying the
specific liens and incumbrances thereon, to make application of the remain-
ing proceeds, and all other moneys and property received by him, as follows:
*First,* to pay the expenses of the execution of the trust, and counsel fees and
commission in carrying out the same; *second,* to distribute *pro rata* among
all the creditors of Richards according to their legal priority; and the remain-
der of all the funds received by him as trustee, according to the provisions of
such trust-deed, after payment of all of the obligations of Richards, he was to
reconvey to Orson Richards. On the execution of the mortgage by Richards
to Weed, he gave Richards his check for $15,125, which Richards used in tak-
ing up his papers at the bank. About September 20, 1877, Weed commenced
an action to foreclose his mortgage, on which judgment of foreclosure and
sale was entered about the 6th of December, 1877, but no sale was made un-
der the judgment. Orson Richards died in September, 1879, and Eben Rich-
ards and Julia A. Richards were on the 13th of November, 1879, appointed
administrators of his estate. On the 23d of August, 1881, the agent of the
defendant issued to the estate of O. Richards a policy of insurance against
loss or damage by fire in the sum of $1,000 upon the property in question,
being $675 on the grist-mill building, and $325 on the fixed and movable ma-
chinery therein. In *Weed* v. *Insurance Co.,* (Sup.) 15 N. Y. Supp. 429, it
was held that it was the interest of the plaintiff as mortgagee that was in-
sured. That policy was substantially like the one in suit in this action, ex-
cept that it contained a clause that the loss, if any, was payable to Weed as
his mortgage interest should appear. That clause has been inserted in this
policy for the purpose of this action by the stipulation of the parties.

All the questions raised in this case seem to have been disposed of adversely
to the contention of the appellant in that case, and upon evidence substan-
tially the same. In *Weed* v. *Insurance Co.,* 116 N. Y. 114, 22 N. E. Rep.
229, the court held that the court should endeavor to give to the phrase "es-
tate of O. Richards" such meaning as will harmonize with the conditions of
the policy, if it can be done without doing violence to the words used, and
that it was not necessary to the validity of the policy that the name of the as-
sured should appear in it, and, if the description is imperfect and ambiguous,
resort may be had to extrinsic evidence to ascertain the meaning and intent
of the parties. In this contract of insurance, Weed, at the time of the insur-
ance, was mortgagee, and, as the policy is reformed, must be regarded as ap-
pearing as such on the face of the policy. His mortgage was a lien on the
property at the time of the execution of the trust-deed to Sage. That deed
could not, therefore, divest him of his mortgage interest, and to the extent
of that interest his rights were as if that deed had not been made. He pre-
sumably makes a contract with the defendant to protect that interest by his
insurance. Under such circumstances, it can hardly be doubted that the
phrase "estate of O. Richards," as used in the policy, was by the parties in-
tended to embrace the interest which Weed had in it as mortgagee of the prop-
erty. That, clearly, was an insurable interest, and, the jury having found
in favor of the plaintiff on that issue, upon the evidence in the policy and the
extrinsic evidence offered upon that subject we cannot disturb that finding.
If this insurance had been effected by or in favor of a party not having a lien
on the property prior to the Sage deed, then a different question would have
arisen, and in such a case it would be held, as in *Weed* v. *Insurance Co.,* 116

N. Y. 196, 22 N. E. Rep. 229, *supra*, that the Sage deed had divested Orson Richards of the title to the property. But here the interest of the plaintiff, as mortgagee, had attached to that estate prior to the conveyance to Sage. But if we should assume that the words "estate of O. Richards" relate only to that estate, independent of this prior incumbrance, still there could be an insurable interest, as the trust-deed directed the surplus to be returned to Orson Richards. *Cone* v. *Insurance Co.*, 60 N. Y. 619; Wood, Ins. p. 540, § 313. The case discloses that at the conclusion of the evidence both parties asked the court to direct a verdict, and that neither party asked to submit any questions of fact to the jury. By this practice the parties treated the case as presenting questions of law only, and, as there was evidence to support the rulings of the judge, it cannot on this appeal be successfully contended that there were questions of fact arising upon the evidence. *Provost* v. *McEncroe*, 102 N. Y. 650, 5 N. E. Rep. 795. Each party having moved that the jury be ordered to find in his favor, and neither having asked that they be instructed to pass upon any question, every fact having the support of sufficient evidence, an appeal must be presumed to have been found in favor of the successful party. *Sutter* v. *Vanderveer*, 122 N. Y. 652, 25 N. E. Rep. 907. There being evidence to support the verdict, this court cannot disregard the effect of a general verdict in favor of the plaintiff, notwithstanding the doubt expressed by the trial court. Judgment affirmed, with costs.

All concur.