# DECISIONS IN CASES NOT REPORTED.

## First Department, December Term, 1894.

Canadian Agricultural Coal, etc., Co., Respondent, v. Joseph L. Spofford, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Jacob Hirschfield, Appellant, v. Adolph Kalischer, Respondent.— Motion granted.

La Societé Anonyme de L'Union des Papeteries, Respondent, v. Samuel M. Marks and Jules Meyer, Appellants.—
Per Curiam: Judgment and order affirmed, with costs, on the opinion delivered on the former appeal and reported in 50 N. Y. St. Repr. 497 and 21 N. Y. Supp. 706.

Edith E. Tinker, Appellant, v. Metropolitan Elevated Railway Company, Respondent.— Motion denied.

Caroline S. Wilkinson, Respondent, v. Henry E. Davis, Administrator, Appellant.— Judgment affirmed, with costs.—
Per Curiam: This action was brought upon an agreement made with the plaintiff by the defendant to pay a certain sum for rooms and board with no deduction in case of absence, to recover the amount agreed to be paid, less the amount received. There is no dispute as to the facts. The plaintiff was entitled to recover what the defendant agreed to pay, and there was no question in the case as to profits. The judgment should be affirmed, with costs. Present — Van Brunt, P. J., Follett and Parker, JJ.

New York and Brooklyn Ferry Company, Appellant, v. The Mayor, etc., Respondent.— Judgment affirmed, with costs, on opinion upon previous appeal.

Elizin V. Foote, Respondent, v. Metropolitan Elevated Railway Company, Appellant.— Judgment affirmed, with costs. No opinion.

Miles M. O'Brien and Another, Appellants, v. Hugh J. Grant, as Receiver, etc., Respondent. — Judgment affirmed, with costs, on opinion of court below.

Joseph B. Schram v. Henry Werner and Others.—The case having been resettled a new argument may be had.

William T. Standen, Appellant, v. William L. Brown, Respondent. — Judgment affirmed, with costs.—
Follett, J.: The Special Term found as a fact that the transactions were not loans by the defendant to the plaintiff, but were sales by the plaintiff to the defendant, and that the securities mentioned in the assignments and the three bonds given by plaintiff to defendant were for the purpose of guaranteeing the payment of the bonds and mortgages sold to defendant. The plaintiff filed exceptions to the facts found by the Special Term and to its conclusions of law. The only question involved on this appeal is whether the findings are contrary to the weight of evidence. The fact that it was recited in all of the assignments that the bonds and mortgages were assigned by the plaintiff to the defendant "as collateral security" for the payment of the bond of even date, is strong evidence that the three transactions were loans instead of purchases. Again, the fifteen bonds and mortgages assigned July 28, 1892, amount, without interest from their dates to July 28, 1892, to $10,216.57, while the bond given by plaintiff to defendant was for $10,000, and the check given by him to plaintiff was for $9,800, making a discount of $416.67, besides accrued interest on the securities. The nine bonds and mortgages assigned by the plaintiff to the defendant September 6, 1892, amount, without interest from their dates to September 8, 1892, to $3,376.67. The bond given by the plaintiff to the defendant on this transaction was for the same amount, and the plaintiff's check was for $3,300, making a discount of $76.67, aside from accrued interest on the securities. The par value of the three shares of stock assigned by the plaintiff to the defendant October 18, 1892, was $1,800. The plaintiff received from the defendant $1,590, and gave his bond for $1,623.33, making a discount of $33.33. It will be observed that the first bond is less by $216.67 and the accrued interest than the amount secured by the first fifteen bonds and mortgages. If the transaction was a sale and guaranty of payment of the securities sold, it is difficult to see why the purchaser did not execute a guaranty of the payment of the bonds and mortgages, principal and interest. The second transaction is not open to this criticism, though the bond taken is not equal to the principal and interest of the nine mortgages assigned. In respect to the third transaction, it does not appear that the value of the three shares of stock was agreed upon, or even discussed between the parties, which is usual when a sale is made. The plaintiff swore positively that the three transactions were loans, and that the three assignments were, as recited in them, intended as collateral security for the payment of the sums loaned. In this he was corroborated by Charles M. Marvin, who was present at the first and second transactions. This witness testified that the agreement was that the plaintiff should pay the defendant a bonus of two per cent in addition to the legal rate of interest, and that the two transactions were loans. In opposition to this the defendant testified that the transactions were not loans, but were purchases of the securities assigned and that the bonds were taken as guaranties of the payment of the securities assigned. Exactly how the payment of the three shares of stock was or could be guaranteed is not explained. In a letter written by the plaintiff September 12, 1893, to the defendant's attorneys, reference is made to a letter written by them to him September 11, 1893. Unfortunately the letter of the eleventh was not put in evidence. In the plaintiff's letter he says: "When these transactions were made it was certainly understood that this was only an indirect way to the purchase by Colonel Brown of the numerous little mortgages which I held, and it was done in this way in order that the colonel might not be bothered with the collection of small amounts of interest, but might look to me for such payments in one sum." This statement is a strong corroboration of the testimony of the defendant, and we regard it as of sufficient probative force to sustain the finding of the learned trial judge who had the witnesses before him and had an opportunity to observe their manner. The judgment should be affirmed, with costs. Van Brunt, P. J., and Parker, J., concurred.

Aaron M. Klaw, Plaintiff, v. Samuel W. Ehrich and Another, Defendants.— Plaintiff's excep-