JOSEPH B. SCHRAM, Plaintiff, v. HENRY WERNER and Others, Defendants.

*Motion for the direction of a verdict — when questions of law only will be reviewed — motion for a new trial — exceptions improperly ordered thereafter to be heard at General Term.*

Where upon the close of the evidence taken upon the trial of an action, the defendant moved that a verdict be directed in his favor, which was denied, and no exception was taken, and the plaintiff moved that a verdict be directed in his favor, which was granted, and the defendant excepted, neither party asking to have any issue submitted to the jury, only questions of law can be raised upon an appeal from the judgment or on a motion for a new trial on the minutes, on a case and exceptions.

In case a motion for a new trial is made and denied under section 999 of the Code of Civil Procedure, and an order is entered, it can be reviewed only by an appeal therefrom. If a motion for a new trial is made on the minutes on exceptions taken, which is denied and an order is entered, an order directing that the exceptions be heard in the first instance at General Term is unauthorized by the Code of Civil Procedure, and the motion will not be heard by the General Term of the Supreme Court.

MOTION by the defendants, Henry Werner and others, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance, upon the verdict of a jury rendered by direction of the court after a trial at the New York Circuit on the 11th day of December, 1893.

The action was brought to recover the amount of certain drafts or bills of exchange which it was claimed that the plaintiff had paid under the provisions of a written guaranty, and which he sought in this action to recover over from the defendant.

*Albertus Perry*, for Joseph B. Schram, plaintiff.

*Nathaniel Myers*, for defendant Henry Werner.

*Joseph Fettretch*, for defendant Simon Strauss.

FOLLETT, J. :

All of the defendants answered except Samuel Schram, who made default, but Isador Efron did not appear on the trial, and the questions presented by the record arise between the plaintiff and the defendants, Werner and Strauss, doing business under the firm name of Henry Werner. Their answers are identical. At the close of the evidence they moved that a verdict be directed in their favor, which was denied, but no exception was taken, and the plaintiff moved that a verdict be directed in his favor, which was granted, and the defendants excepted. Neither party asked to have any issue submitted to the jury. Upon such a record only questions of law can be raised on a motion for a new trial on the minutes, on a case and exceptions or on an appeal. (*Provost* v. *McEncroe*, 102 N. Y. 650 ; *Kirtz* v. *Peck*, 113 id. 222.)

After the verdict was directed the defendants moved on the minutes that it be set aside and a new trial granted: (1) On the exceptions ; (2) because the verdict was contrary to the evidence ; (3) because the verdict was contrary to law, which was denied and an order entered, which, in addition, directed that the defendants' exceptions be heard in the first instance at General Term, and that judgment in the meantime be suspended. How the exceptions can be heard in the first instance at General Term, under section 1000 of the Code of Civil Procedure, when they have been heard pursuant to section 999, is not apparent to the court. In case a motion for a new trial is made and denied under section 999, and an order is entered which the defeated party desires to review, it can be done only by an appeal from it, but in this case no appeal has been taken. In case a motion for a new trial is made on the minutes, on exceptions taken, which is denied and an order entered, an order directing that the exceptions be heard in the first instance at General Term is not authorized by the Code, and the motion will not be entertained by this court. (*Byrnes* v. *D. & H. C. Co.*, 7 Wkly. Dig. 549.)

In the case cited a verdict was rendered in favor of the plaintiff and the defendant moved for a new trial on the minutes, which was denied and an order entered. An order was then made directing that the defendant's exceptions be heard at the General Term in the first instance. The defendant appealed from the order denying the motion for a new trial, which appeal and the motion on the exceptions were heard on the same record. The General Term of the third department held that the order directing the exceptions to be heard at General Term in the first instance was a nullity, but reviewed the case on the appeal from the order. *Ross* v. *Harden* (10 J. & S. 427) and *Garner* v. *Mangam* (14 id. 365) are sometimes cited as authorities for the position that exceptions may be ordered to be heard in the first instance at General Term after a motion for a new trial has been made on the minutes and denied. In the first of the cases last cited a verdict was rendered and a motion was made on the minutes for a new trial on the ground that the verdict was contrary to the evidence, was excessive and contrary to the charge, which was denied and an exception taken, but no order seems to have been entered upon the denial of the motion. Thereupon the exceptions were ordered to be heard at General Term in the first instance, and they were so heard and determined. It will be observed that the motion on the minutes was not founded on exceptions. In the second case cited, a verdict was rendered for the plaintiff, and the defendants moved on the minutes to set it aside and for a new trial, which was denied, and an order entered. Thereupon an order was entered directing the exceptions to be heard in the first instance at General Term. A motion was made at Special Term to set aside this order, which was denied, and was affirmed on appeal by the General Term of the Superior Court. The report of the case does not show whether the motion for a new trial was founded on exceptions — errors of the court — as well as on the errors of the jury. On the motion made in the case at bar there were no errors of the jury to review, because it had committed none. The jury had simply returned a verdict in obedience to the direction of the court, and the motion for a new trial could have been made only upon the errors of the court raised by exceptions. When a motion for a new trial on exceptions has been made on the minutes and denied, an order directing the excep-

tions to be heard in the first instance at General Term is void, and the motion should not be heard. We must decline to decide the motion on this record, but as the plaintiff has not moved to set aside the order, no costs are granted to either party.

VAN BRUNT, P. J., and PARKER, J., concurred.

Motion dismissed, without costs to either party.