PATRICK FOGARTY, Respondent, *v.* ADAM HOOK and Another, Appellants.

| 84  | 165 |
|-----|-----|
| 90  | 525 |
| 84  | 165 |
| 20ap116 | |

*Direction of a verdict at the request of both parties — not disturbed upon appeal.*

Where both the parties, upon the trial of an action, request the court to direct a verdict, and neither asks that the case be sent to the jury, the court is authorized to decide the questions of fact in the case, and if there is evidence to sustain the finding made it cannot be properly disturbed on appeal.

Such case stands in the same position as if it had been submitted to the jury, and a verdict had been rendered by it in favor of the party in whose behalf the court directed the judgment.

APPEAL by the defendants, Adam Hook and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Fulton on the 20th day of June, 1894, upon the verdict of a jury rendered by direction of the court after a trial at the Fulton Circuit.

*Andrew J. Nellis* and *Borden J. Smith,* for the appellants.

*Clarence W. Smith,* for the respondent.

PUTNAM, J.:

A careful reading and consideration of the evidence in the case has satisfied us that a question of fact was presented as to whether the conveyance from Henry B. Noll to the plaintiff, under which the latter claimed title to the property which was the subject of the action, was fraudulent as against the creditors of Noll, or otherwise.

It cannot be held that the evidence conclusively established the fraudulent nature of the conveyances as alleged by defendants. It was possible to find from the testimony the payment by plaintiff to Noll of a fair price for the property in question, a change in the possession thereof, and the good faith of the transaction.

This question of fact, had either party so requested, it would have been the duty of the trial court to submit to the jury.

But both parties requested the court to direct a verdict, and neither asked to go to the jury.

It follows that the court was authorized to find upon the questions of fact in the case, and as there was some evidence to sustain the finding made it cannot properly be disturbed by us. (See *Kirtz* v. *Peck*, 113 N. Y. 222; *Provost* v. *McEncroe*, 102 id. 650; *Schram* v. *Werner and others*, 81 Hun, 561.)

The case stands the same as if it had been submitted to the jury and a verdict had been rendered for the plaintiff.

We conclude that the judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs.