(13 Misc. Rep. 188.)

O'SHAUGHNESSY v. WORKINGMAN'S CO-OPERATIVE ASS'N OF
UNITED INSURANCE LEAGUE OF NEW YORK.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

LIFE INSURANCE—FALSE STATEMENTS—EVIDENCE.

In an action on a life insurance policy, the defense was false statements by insured in the application. The application was in the handwriting of defendant's president, and was signed by the insured by his mark, he being unable to write. The alleged false statement was that the insured had never been afflicted with rheumatism. Plaintiff's affidavit, contained in the proofs of death, stated that a certain physician had attended the insured for inflammatory rheumatism before the application was made, and the physician testified that he visited the insured on two occasions, that he could not testify as to the illness, but that he judged from his prescriptions that it was from rheumatism, but whether inflammatory or otherwise he could not state. *Held*, that the evidence was sufficient to sustain a finding for plaintiff.

Appeal from city court, general term.

Action by Catherine O'Shaughnessy against the Workingman's Co-operative Association of the United Insurance League of New York. From a judgment of the city court (32 N. Y. Supp. 1148) affirming a judgment in favor of plaintiff, defendant appeals. Modified.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

W. B. Donihee, for appellant.
W. E. Morris, for respondent.

BOOKSTAVER, J. The respondent contends that we ought not to review the questions of fact in this case, inasmuch as the case does not include a certificate that it contains all the evidence upon the trial. This, however, makes practically little difference, as, at the close of all the evidence, the defendant moved for the direction of a verdict in its favor, thereby conceding there was no question of fact for the jury. The complaint alleges that the defendant is a domestic corporation, conducting the business of life insurance in the city of New York; that on the 4th day of July, 1892, in consideration of a joining fee of $5, $3 annual dues and assessments, at the rate of 65 cents, it entered into a contract of insurance, and issued its certificate of membership No. 1,154, under the seal of the corporation, etc., whereby it agreed to pay to plaintiff the sum of $500 30 days after satisfactory proof of the death of Catherine Clifford had been furnished to the officers of the association, if during her lifetime she had complied with the terms of the contract of insurance; that she died in the city of New York in 1893, while the contract of insurance was in full force, and that due proof of her death was presented to the defendant, and that more than 30 days had elapsed since the presentment of proofs of death; that, by reason of the premises, there was due from the defendant to the plaintiff the sum of $500, which had not been paid, although duly demanded; and prayed judgment accordingly. The answer alleged that the policy was null and void from the beginning by reason of false and untruthful answers given by the insured to questions and

interrogatories set forth in a printed application made to the company, and signed by the insured, which constituted the basis of the contract between the parties, and denied each and every allegation of the complaint not consistent with the answer. Such a denial, if good for any purpose, did not put in issue any of the allegations of the complaint, except possibly that the plaintiff was the beneficiary under the alleged policy, and the amount due thereunder. The court, therefore, was justified in denying defendant's motion, made when the plaintiff rested, to dismiss the complaint, as the defense was an affirmative one, to be proved by the defendant. Thereafter the defendant put in evidence the plaintiff's proof of death, the application of the insured for a policy of insurance, the physician's certificate, and certain by-laws of the defendant, and called the attending physician, who was examined as a witness, but failed to testify very clearly, as to what disease he had attended the deceased for at a time prior to the issuing of the policy. The original application for insurance was in the handwriting of the president of the defendant, and was signed by the mark of the deceased only. After some further testimony by the plaintiff, both parties rested, and defendant moved for the dismissal of the complaint or the direction of a verdict in its favor, on the ground that, by the application of the insured upon which the policy was issued, it appeared she was asked whether she had been sick at any previous time, and had any physician attending her for any previous illness, and the name of the physician, and she had answered she had not been sick, and had no attending physician; and that it had been shown by the evidence that the insured had been ill previous to the date of the application, and had had an attending physician who had prescribed for her. This was denied, and brings up the principal question in the case. It is conceded that the application which the insured signed when asking for a policy of insurance forms a part of the contract, and sets forth the conditions on which the policy was issued, one of which was that "all answers in the application must be true, or the certificate will be void," as they constitute the basis of the contract between the member and the association. Among the questions asked were the following:

"Q. When last sick? A. Never. Q. Of what disease? A. None. Q. Name of physician who last attended member proposed, and when? A. None. Q. Has member ever had (if so, give particulars) rheumatism? A. No. * * * Q. Has applicant withheld any material facts about the member proposed? A. No."

The affidavit of the plaintiff contained in the proof of death states that Dr. McLaughlin attended the insured for inflammatory rheumatism in the hands in the summer of 1891, before the application for insurance was made, and that he made her one visit. The doctor testified that he had visited the insured on two occasions in 1891, and attended her during the last illness, but could not testify as to the nature of the illness from which she suffered when he visited her in 1891, further than, judging from the prescription which he gave, he inferred that it was for rheumatism, but whether inflammatory or otherwise he does not state. He further testified

that he treated the insured during her last illness, and that she was not then suffering from rheumatism, and had no signs of it to his knowledge; and in his certificate he stated the cause of death to be senile dementia,—exhaustion.

In order to avoid a policy of insurance, it must be proved affirmatively that there was a false statement in the application of a material fact, by which the defendant was fraudulently induced to accept the risk; and we think one or two visits from a physician for some illness which he would not testify was rheumatism is too trifling to be regarded as sufficient to avoid the policy, especially in view of the fact that the insured died from a cause in no way attributable to the rheumatism, if there ever had been any. Spitz v. Association (Com. Pl. N. Y.) 25 N. Y. Supp. 469, 475. The plaintiff testified as to the way in which she was induced to make the affidavit she did in regard to the deceased suffering from rheumatism in 1891; and the physician also testified as to the way in which he was induced to give the certificate of death he did. This testimony, together with other facts in the case, raised a question of fact as to whether the plaintiff had ever suffered from rheumatism, to be determined by the jury, had that right not been waived by the defendant, and had he not expressly consented that all the questions, both of fact and law, should be determined by the court. There was certainly quite sufficient evidence to warrant the court in arriving at the conclusion it did upon that question, and its findings are conclusive upon us. Provost v. McEncroe, 102 N. Y. 650, 5 N. E. 795.

After the rendition of the verdict, the defendant made a motion for a new trial, on the ground, among other things, that the damages were excessive, and contrary to the evidence. The only evidence in the case as to the sum realized from the assessment was given by the secretary of the defendant, who testified that it amounted to $204 only. The judge at trial term directed a verdict for $207, instead of $204, with $12.36 interest. This was $3 more than it should have been on the principal sum, and 13 cents more than was proper for interest. The judgment must accordingly be reduced by $3.13, and, as thus reduced, must be affirmed, with costs to the respondent, as it does not appear from the case that the court's attention was specifically drawn to this error, or it doubtless would have been corrected on the spot. All concur.