JAMES R. O'BEIRNE, Respondent, *v.* CHARLES S. CARY and NICHOLAS V. V. FRANCHOT, Appellants.

*Trial — effect of both parties moving for the direction of a verdict — undertaking on appeal given to stay proceedings on a portion only of the judgment appealed from — objection that it was ineffectual, and, therefore, without consideration, when untenable.*

Where both parties move for the direction of a verdict all questions of fact are remitted to the court to determine, and the judgment rendered must stand unless there is no proof of some essential fact.

A judgment entered in an action directed the payment of the costs of the action to the plaintiff and, also, the payment of a sum of money to a trust company, a party defendant, for the equal *pro rata* benefit of the plaintiff and all other

holders of certain mortgage bonds for whom the trust company was the trustee. On appeal therefrom an undertaking was given to the plaintiff by which the sureties, in case of the affirmance of the judgment or the dismissal of the appeal, agreed to pay all costs and disbursements that might be awarded against the appellants and also the amount directed by the judgment to be paid to the plaintiff, but such undertaking contained no agreement to pay the amount of money adjudged to be paid to the trust company. In proceedings subsequently instituted by an order to show cause why the trust company should not be restrained from issuing execution under such judgment, an undertaking was given to secure the payment of such amount directed to be paid to the trust company, upon the giving of which all proceedings of the trust company in enforcement of the judgment were stayed until the hearing and determination of the appeal.

In an action upon the undertaking given to the plaintiff,

*Held*, that that undertaking operated, so far as the plaintiff was concerned, to stay proceedings upon that portion of the judgment which awarded the costs to him; that the sureties thereon could not resist the enforcement thereof upon the ground that it was not effectual to stay proceedings upon the judgment, and that there was, therefore, no consideration for it.

APPEAL by the defendants, Charles S. Cary and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 18th day of April, 1898, upon the verdict of a jury rendered by direction of the court.

*Adelbert Moot*, for the appellants.

*Frank Sullivan Smith*, for the respondent

RUMSEY, J.:

This action is brought upon an undertaking given by the defendants upon an appeal from a judgment. At the trial there was no disputed question of fact, but at the close of the evidence the court ordered a verdict for the plaintiff, to which the defendants excepted, and from the judgment entered upon that verdict this appeal is taken.

As each party moved for a verdict, and neither requested to go to the jury on a question of fact, all questions of fact were remitted to the court to determine, and its determination must stand unless, to sustain this judgment, it is necessary that some fact should exist of which there is no proof. (*Provost* v. *McEncroe*, 102 N. Y. 650;

*McGuire* v. *Hartford Fire Ins. Co.*, 7 App. Div. 575, 577.) If there is evidence to warrant the finding of all facts which are necessary to sustain the judgment, it must be assumed that such facts were found by the court.

In the year 1895 James R. O'Beirne, the plaintiff in this action, had recovered a judgment against Bullis and Barse in an action brought in behalf of himself and all other bondholders of the Allegheny and Kinzua Railroad Company. The Central Trust Company was also a defendant in the action, not for the purpose of a recovery against it, but because it was the trustee for the bondholders, and O'Beirne asked that any recovery that was had in the action be paid to that company to be distributed to the bondholders as their interests might appear. The action resulted in a judgment by which Bullis and Barse were adjudged to pay to the Central Trust Company $341,745.65, for the equal *pro rata* benefit of the plaintiff and all other holders of the first mortgage bonds of the Allegheny and Kinzua Railroad Company. That judgment contained no further recovery against the defendants, except that by a separate clause it was adjudged that the plaintiff recover of the defendants Bullis and Barse his costs of the action, which amounted to $3,586.40. These two provisions of the judgment requiring the payment of money by Bullis and Barse were, as will be seen, entirely independent of each other. This judgment was entered on the 29th of June, 1895. On the third day of July executions were issued to the sheriffs of several counties in the State, requiring the collection of this judgment. On the fourteenth of July the undertaking in suit was made by the defendants in this action. That undertaking recited the recovery of the judgment of the 29th of June, 1895, and that Bullis and Barse intended to appeal, and then contained an agreement on the part of Cary and Franchot that the appellants would pay all costs and disbursements that might be awarded against the appellants, if such judgment should be affirmed or the appeal be dismissed, not exceeding $500, and also undertook that if the judgment appealed from or any part thereof was affirmed, or the appeal was dismissed, the appellants would pay the said sum of $3,586.40, directed to be paid by the judgment, to the respondent, together with all accrued interest thereon. The undertaking contained no agreement to pay the amount of money adjudged to be

paid to the Central Trust Company. It apparently was insisted by the appellants that that undertaking was sufficient to stay all proceedings upon the execution, but it does not seem to have been so regarded by the Central Trust Company, and the papers which were introduced in evidence by the defendant show that on the fifteenth of July an order to show cause was granted why the Central Trust Company should not be restrained from issuing or enforcing any execution whatever under the said judgment. The papers upon which that order was granted, and which are referred to in it, alleged the giving of the undertaking in suit in this action, and then stated that notwithstanding the filing of that undertaking the sheriff proposed to enforce that portion of the judgment which directs the defendants Bullis and Barse to pay to the Central Trust Company the sum of $341,745.65. There is no charge in those papers that the plaintiff insisted, after the giving of that undertaking, upon enforcing that portion of the judgment which directed the payment of costs to him.

The order to show cause came on to be heard before a judge other than the one by whom the case was decided, and an order was made staying the proceedings of the Central Trust Company until the return of the justice before whom the original case was tried, and upon the giving by the appellants of a bond for $100,000, which bond was given. At a later date the motion which had been postponed came on to be heard before the justice before whom the case had been tried, and an order was made by him reciting the original order to show cause why the Central Trust Company of New York should not be restrained from issuing or enforcing any executions under the judgment entered June 29, 1895, and all proceedings which had been had under that order; and then ordering that upon the giving of an undertaking by the defendants Bullis and Barse, in the sum of $100,000, all proceedings upon the judgment or upon the executions issued should be stayed pending the appeal to the General Term. The order further directed that the former bond for $100,000, given as a temporary stay until the hearing before this justice, should be vacated and required it to be canceled. After the giving of this undertaking, all proceedings upon the executions were stayed until the hearing and determination of the appeal, which resulted in the affirmance of all parts of the judg-

ment.   Thereupon the Central Trust Company brought an action upon the undertaking for $100,000, making the obligors in that undertaking and James R. O'Beirne defendants.   O'Beirne, however, was made a defendant simply for the purpose of obtaining an adjudication that he, as plaintiff in the original action, had no interest in the money to be recovered upon the undertaking for $100,000.   Judgment was rendered in that action in accordance with the prayer of the complaint, by the terms of which the Central Trust Company recovered from the obligors in that undertaking the sum of $100,000, with interest and costs, and that judgment contained a further provision that James R. O'Beirne had no interest in any recovery in that action except so far as he might be entitled to share *pro rata* as a bondholder of the Allegheny and Kinzua Railroad Company.   After the entry of that judgment O'Beirne brought this action upon the undertaking which had been given to secure the costs of the original judgment.   The defendants resist this recovery solely upon the ground that the undertaking given by them was not effectual to stay proceedings upon the judgment; that there was no consideration for it, and, therefore, that it cannot be enforced.

It cannot be denied that an undertaking upon appeal has no force at common law, and that it cannot be enforced unless it has been effectual to accomplish the purpose intended, and that is to stay the proceedings upon the judgment appealed from.   (*Hemmingway v. Poucher*, 98 N. Y. 281.)   But it is quite clear, we think, from the statement of facts made above, that this undertaking was effectual to accomplish the purpose for which it was intended, and that it was not superseded by the undertaking for $100,000 in pursuance of the order.   The judgment which was appealed from contained two separate recoveries, upon each one of which an execution might have been issued, and each one of which entitled the successful party mentioned in it to recover from the defendants a sum of money.   These two portions of this judgment were entirely independent of one another so far as the right to enforce them was concerned.   If, instead of issuing one execution directing the recovery of the whole judgment, each person who had a recovery had seen fit to issue an execution for his own part, there was no reason why he should not have done so.   The fact that only one execution was

issued is not necessarily conclusive to show that the second undertaking was alone depended upon to stay the proceedings. ·Indeed, the papers put in evidence by the defendants themselves show that this is not the fact. The affidavit upon which the order to show cause was granted states that the sheriff insisted, in spite of the undertaking sued upon here, in enforcing that portion of the judgment directing the payment of a large sum of money to the Central Trust Company, and there is no suggestion anywhere in the papers that the plaintiff, after the giving of that undertaking, claimed that the proceedings on the judgment were not stayed so far as his right to collect costs was concerned. The final order made upon that motion recites that the application was why the Central Trust Company should not be restrained from issuing and enforcing any execution upon the judgment, and there is no suggestion anywhere in that order that it was intended to restrain the plaintiff from collecting his costs or that an order was necessary to accomplish that result.

It appears, therefore, that this order which finally determined the amount of the security to be given, was granted for the purpose of restraining the Central Trust Company only ; that it appeared by the papers upon which it was granted that a separate undertaking had been given to restrain the collection of costs, and the order requiring the giving of the undertaking for $100,000 makes no mention of the undertaking sued upon here, but expressly vacates the first undertaking for $100,000 which was given for a temporary purpose.

It is quite clear, as we think, from all these facts, that the learned justice upon the trial was correct in his conclusion that this undertaking was still existent, notwithstanding the giving of a subsequent one for $100,000 ; that it operated, so far as the plaintiff was concerned, to stay proceedings upon that portion of the judgment which awarded the costs to him, and, therefore, that there was a sufficient consideration for it.

The judgment, therefore, should be affirmed, with costs.

VAN BRUNT, P. J., BARRETT, INGRAHAM and MCLAUGHLIN, JJ., concurred.

Judgment affirmed, with costs.