Action by Herman J. Boldt against David Epstein. From a judgment entered upon dismissal of complaint, plaintiff appeals. Reversed.

Argued before FITZSIMONS, C. J., and McCARTHY and CONLAN, JJ.

Joseph H. Fargis, for appellant.
Wahle & Stone, for respondent.

FITZSIMONS, C. J. The plaintiff sued to recover for professional services, as a physician and surgeon, rendered to the defendant's wife at his request. The complaint alleges "that this plaintiff, as such physician and surgeon, rendered services to the defendant at his request, by making twenty-three visits while in attendance upon said defendant's wife, within the six years last past, to wit, between the 1st day of February, 1892, and the 1st day of April, 1892, at $5 per visit." It further alleges that there is now due and owing on said account $115. The answer denies these allegations of the complaint, and pleads a special contract whereby the plaintiff agreed, in consideration of $200, to perform an operation on the wife of the defendant, warranting that it would be successful, and, if it did not prove so, he would perform the operation again, but no extra compensation was to be charged therefor, and that the operations were unsuccessful. At the trial the plaintiff testified that he had received the $200 for the operation, and that the agreement was that he was to have that sum, and to charge for his subsequent visits, after the operation, $5 apiece. He then testified that he made 23 visits under this arrangement, which, at $5 a visit, made $115, the amount sued for. Upon the conclusion of the plaintiff's evidence, his complaint was dismissed upon the ground that he had not sufficiently sustained the allegations of his complaint.

The defendant failed to specify any defects in the plaintiff's proof, so that he might supply the omission (Quinlan v. Welch, 141 N. Y. 158, 165, 36 N. E. 12); nor has any specific defect been pointed out by the respondent in his brief. The plaintiff fully sustained the allegations of his complaint, and the exception to the dismissal presents error, for which the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

(29 Misc. Rep. 597.)

PERRIN v. PRUDENTIAL INS. CO. OF AMERICA.

(City Court of New York, General Term. November 16, 1899.)

LIFE INSURANCE—APPLICATION—WARRANTIES.
    There is no breach of the warranty that statements in the application for life insurance are true, where insured, in answer to the question what was his present occupation, answered, "Storekeeper; dry goods,"—where he did in fact keep a dry-goods store, though part of the time, then and afterwards, he was employed as a glass polisher.

Appeal from trial term.

Action by Marie Perrin against the Prudential Insurance Company of America. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before McCARTHY and CONLAN, JJ.

William C. Campbell, for appellant.
Nathan, Leventritt & Perham, for respondent.

CONLAN, J. This is an appeal from a judgment entered upon a verdict directed by the court, and from an order denying a motion for a new trial. The action is based upon a policy of insurance issued by the defendant on the life of the plaintiff's husband, Constant Perrin. The application contained the usual warranty, and it was insisted by the defendant upon the trial that certain statements by the assured in the application were untrue, and that there was therefore a breach of the warranty, and the plaintiff could not recover. The evidence upon this point was as follows: "Q. What is your full name? A. Constant Perrin. Q. Present occupation? A. Storekeeper; dry goods." And again to the medical examiner: "Q. Present occupation? A. Dry goods." And there was evidence that the assured was for certain portions of his time occupied as a glass polisher, and it was insisted that this constituted a breach of the warranty. One of the defendant's witnesses, and the person who took the application for the policy, had known the family of the assured some time prior to and when the application was made; and he testified that the application was written out by him at 142 West Houston street, where the assured resided, and where he conducted a dry-goods store. The defendant's proof was limited to attempting to show that, when the assured stated in his application that he was a storekeeper of dry goods, he stated what was not true, and at the close of its case stated, in its motion to dismiss, and upon its claim to go to the jury, that it relied upon these answers in the application. The defendant's witness also testified upon the cross-examination: "I had known Perrin, when I took that application, about three years. I took it at his store, 142 West Houston street, in this city. I knew Mrs. Perrin. I know her now. She resides there. I saw Mr. Perrin after his death at his store, 142 West Houston street. It was a dry-goods store." The defendant's physician says: "I certified that I considered him a good risk, and that I did not find him suffering from any disease. I found him in good health;" and in answer to the court he said: "That statement of mine was true,—that he was in good health at that time." Upon the testimony adduced, and upon the limitation fixed by the defendant, the court instructed the jury to find for the plaintiff.

It was thus satisfactorily shown that the statement that the assured kept a dry-goods store was not untrue, nor could the fact that he was also employed at times as a glass polisher make it untrue. If one keeps a store, and at the same time engages in other business, it is not untrue to say that he keeps a store. There was no warranty that he was not engaged in any other business than store-

keeper, and such other employment was not, therefore, a breach. He was not asked the question as to any other employment, and the company's agent knew him as a storekeeper. There can be no question but what the assured was a storekeeper of the kind described, and this affirmative statement cannot be said to be false. In order to avoid a policy of insurance, it must be proved affirmatively that there was a false statement in the application. O'Shaughnessy v. Association (Com. Pl.) 34 N. Y. Supp. 170.

In the proofs of loss submitted by the plaintiff appears the following: "Q. What occupation or occupations had he been engaged in since the above policy was issued? A. Glass polisher." And upon the trial the witness of the defendant says he obtained this statement from the person who signed the certificate of identity, and on cross-examination of the same subject-matter he says: "The question in reference to which that answer is given is 8, D: 'What occupation or occupations has he been engaged in since the above policy was issued?'" If this is all there is on the subject of alleged breach of warranty, and it is within the limit fixed by the defendant itself, then we are unable to say that the direction of a verdict was error calling for an interference with the determination of the court. That it is all is evidenced by the statement of counsel at the close of testimony, as follows:

"Defendant's Counsel: We ask leave to go to the jury. The Court: Upon what question? The Defendant's Counsel: Upon the question whether or not the answers in the application are true. The Court: What answer do you refer to? Defendant's Counsel: In regard to his occupation. The Court: There is no such question which can be submitted to the jury. There is no dispute as to the question of breach, or concerning it."

In this we do not find any error, and, as no other reason is given or urged for disturbing the judgment, we are of opinion that the judgment and order appealed from must be affirmed, with costs.

McCARTHY, J., concurs.