LASETTE et al., Respondents, v. PARKE, Appellant. (City Court of New York, General Term. June, 1902.) Action by Frank B. Lasette and another against William A. Parke. Johnson & Hess (Otto T. Hess and James A. C. Johnson, of counsel), for appellant. Albert J. Appell (George H. Taylor, Jr., of counsel), for respondents.

DELEHANTY, J. At the opening of the trial defendant moved for a dismissal of the complaint, for failure to state facts sufficient to constitute a cause of action. This was denied, and renewed again when the evidence was all in. That motion was again denied. Defendant then asked that a verdict be directed in his favor. Neither party asked to have any question of fact submitted to the jury. It is well settled that in such a case, where the party whose request is denied does not thereupon request to go to the jury upon the facts, a verdict directed for the other party stands as would the finding of a jury for the same party in the absence of any direction. All controverted facts, and all inferable facts in support of the judgment will be deemed established in favor of the party for whom the verdict was directed. Thompson v. Simpson, 128 N. Y. 270, 283, 28 N. E. 627. The court having directed a verdict for the plaintiffs, it only remains to be ascertained whether there was evidence to sustain his finding. If there was, the verdict must not be disturbed, and the converse of that proposition is equally true. Fogarty v. Hook, 84 Hun, 165, 32 N. Y. Supp. 555. There are but two points relied upon by appellant for a reversal of the judgment, which will be considered separately. The first concerns the guaranty. It is undoubtedly the law, as claimed by appellant, that, if the original debt or obligation is already incurred and undertaken previous to the collateral undertaking, then there must be some new and distinct consideration to sustain the guaranty. But that law does not apply here, for the reason that it plainly appears from the record that the original and collateral agreements in question were executed by defendant on the same day, and concurrently delivered to and accepted by the plaintiffs. Assuming, therefore, that there was no legal consideration expressed in the guaranty paper, under the circumstances it was a binding obligation, because the original contract was founded upon a good consideration, and, such being the case, that would support the subsidiary one, also. Bank v. Coit, 104 N. Y. 532, 11 N. E. 54. The second point concerns the time of payment of the amount sued for and reserved by the principal contract to a period when the permanent loan should have been placed upon the building and premises in question. The theory of appellant that the record shows that plaintiffs are not yet entitled to that payment is not borne out by an inspection thereof. It stands undenied that Mr. Johnson, the attorney in fact for defendant, informed the plaintiffs, after the full completion of their work, and before the commencement of the action, that that loan had been placed, and, when they asked of him the money due them, he said they (meaning defendant) were "short," as they had not received enough money. There can be no dispute that he referred to the permanent loan in question. Furthermore, proof was received on the part of the plaintiffs, in the shape of permanent mortgages covering the property in question, which bears out the contention that the permanent loan had been placed, as was testified Mr. Johnson has said. Upon the whole case we are unable to discover the commission of any error prejudicial to the appellant, and we conclude that the trial justice was correct in the position maintained by him in this matter. True, it may be hardship upon the appellant to be saddled with this judgment; but it is the consequence of his own act, with which we have nothing to do. It follows, therefore, that the judgment and order appealed from must be affirmed, with costs. Judgment and order affirmed, with costs.

O'DWYER, J., concurs in result.

